IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIDEL JACKSON,

        Plaintiff,                No. CIV S-10-2370 KJM P

    vs.

SALINAS, et al.,

        Defendants.           ORDER

/

        Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action under 42 U.S.C. § 1983. His complaint alleges defendants used excessive force or failed to protect him in violation of the Eighth Amendment. He has now filed a motion requesting an order from the court that he be reassigned to a prison that can accommodate his needs as a disabled person under the Americans With Disabilities Act (ADA). The court construes the motion as one for a preliminary injunction.

        A preliminary injunction should not issue unless necessary to prevent threatened injury that would impair the court's ability to grant effective relief in a pending action. "A preliminary injunction... is not a preliminary adjudication on the merits but rather a device for preserving the status quo and preventing the irreparable loss of rights before judgment." Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1422 (9th Cir. 1984). A preliminary

1

injunction represents the exercise of a far reaching power not to be indulged except in a case clearly warranting it. Dymo Indus. v. Tapeprinter, Inc., 326 F.2d 141, 143 (9th Cir. 1964). "The proper legal standard for preliminary injunctive relief requires a party to demonstrate 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" Stormans, Inc. v. Selecky, 586 F.3d 1109, 1127 (9th Cir. 2009), quoting Winter v. Natural Res. Def. Council, Inc., ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008). In cases brought by prisoners involving conditions of confinement, any preliminary injunction "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).

All three defendants are correctional officers at the prison where plaintiff is currently housed. They are not officials with the California Department of Corrections and Rehabilitation (CDCR) with authority to order plaintiff reassigned to another prison. Plaintiff cannot, by this motion, enjoin persons who are not defendants in the underlying action, based on claims that are not set forth in the operative complaint. "Unrelated claims against different defendants belong in different suits[.]" George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007). Although plaintiff does allege acts of harassment by some of the defendants in his motion for transfer to another prison, the form of relief plaintiff seeks is not relevant to preserving the status quo in the underlying action for use of excessive force or failure to protect. Therefore, plaintiff cannot demonstrate, with the instant motion, a likelihood of success on merits of his underlying claims.

Plaintiff also does not demonstrate that in the absence of preliminary relief he is likely to suffer irreparable harm – either on the merits of the instant litigation or, more fundamentally, to his person. "Speculative injury does not constitute irreparable injury sufficient to warrant granting a preliminary injunction." Caribbean Marine Servs. Co. v. Baldrige, 844

1  F.2d 668, 674 (9th Cir. 1988), citing Goldie's Bookstore, Inc. v. Superior Court, 739 F.2d 466,
2  472 (9th Cir. 1984).  Rather, a presently existing actual threat must be shown, although the injury
3  need not be certain to occur.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100,
4  130-31 (1969); FDIC v. Garner, 125 F.3d 1272, 1279-80 (9th Cir. 1997), cert. denied, 523 U.S.
5  1020 (1998); Caribbean Marine, 844 F.2d at 674.

   Finally, while prison inmates are entitled to bring an action under the ADA for damages related to a single incident, plaintiff's request for injunctive relief under the ADA is barred by an existing class action suit, Armstrong v. Schwarzenegger, No. 04-2307 (N.D. Cal. filed June 29, 1994).  Armstrong is a prisoner class action for injunctive relief addressing the adequacy of medical care and accommodation provided by the CDCR under the Eighth Amendment and the ADA.  Individual suits for injunctive or equitable relief from allegedly unconstitutional conditions of confinement or violations of the ADA cannot be brought where there is a pending class action suit involving the same subject matter.  Fleming v. Schwarzenegger, 2010 WL 3069349 at *2 (N.D. Cal.).  A class action suit seeking only declaratory or injunctive relief does not bar subsequent individual damage claims by class members.  Id.  Even assuming plaintiff is due injunctive relief under the ADA, he can only request it as a member of the class in Armstrong.

   For the foregoing reasons, plaintiff has failed to demonstrate that he is entitled to the preliminary relief he seeks.

   Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to be sent to an ADA prison (Docket No. 10) is denied.

DATED:  December 13, 2010.

_____
U.S. MAGISTRATE JUDGE

4
jack2370.ord