IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIDEL JACKSON,

    Plaintiff,                      No. CIV S-10-2370 CKD

    vs.

MANNING, et al.,                  ORDER AND

    Defendants.             FINDINGS & RECOMMENDATIONS

_____/

        On May 16, 2011, defendants filed a motion to dismiss. On July 5, 2011, plaintiff was granted an additional thirty days to file either an opposition or a statement of non-opposition to the motion to dismiss. Plaintiff was cautioned that failure to comply with the order would result in dismissal of the action pursuant to Fed. R. Civ. Proc. 41(b) and Local Rule 230.

        This order was served on plaintiff's address of record and returned by the postal service. It appears that plaintiff has failed to comply with Local Rule 182(f), which requires that a party appearing in propria persona inform the court of any address change.[1] "Absent such notice, service of documents at the prior address of the attorney or pro se party shall be fully effective." L.R. 182(f). Thus, plaintiff was effectively served with the court's July 5, 2011

---

[1] Plaintiff's failure to comply with this local rule is an independent reason for recommending dismissal. See Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995), infra.

1

1 order.

2 Local Rule 230(l) provides in part: "Failure of the responding party to file written
3 opposition or to file a statement of no opposition may be deemed a waiver of any opposition to
4 the granting of the motion . . . ." Pursuant to Local Rule 230(l), therefore, the court deems the
5 failure to file written opposition as a waiver of any opposition to the granting of defendant's
6 motion.

7 "Failure to follow a district court's local rules is a proper ground for dismissal."
8 Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Pro se litigants are bound by the rules of
9 procedure, even though pleadings are liberally construed in their favor. King v. Atiyeh, 814 F.2d
10 565, 567 (9th Cir. 1987); Jacobsen v. Filler, 790 F.2d 1362, 1364-65 (9th Cir.1986) .

11 In determining whether to recommend that this action be dismissed, the court has
12 considered the five factors set forth in Ghazali, 46 F.3d at 53. Plaintiff's failure to comply with
13 the Local Rules has impeded the expeditious resolution of the instant litigation and has burdened
14 the court's docket, consuming scarce judicial resources in addressing litigation which plaintiff
15 demonstrates no intention to pursue. Although public policy favors disposition of cases on their
16 merits, plaintiff's failure to oppose the pending motion has precluded the court from doing so. In
17 addition, defendants are prejudiced by the inability to reply to opposition. Finally, the court has
18 advised plaintiff of the requirements under the Local Rules and granted ample additional time to
19 oppose the pending motion, all to no avail. The court finds no suitable alternative to dismissal of
20 this action.

21 Accordingly, IT IS HEREBY ORDERED that the Clerk of Court assign a district
22 judge to this case.

23 IT IS HEREBY RECOMMENDED that this action be dismissed pursuant to
24 Federal Rule of Civil Procedure 41(b).

25 These findings and recommendations are submitted to the United States District
26 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen

days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 18, 2011

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2
jack2370.fsc.noop